IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jarrett C Carter, | No. CV-24-00301-TUC-JAS |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Ambri that recommends dismissing Petitioner Jarrett Carter's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. 22; *see also* Doc. 7).[1] A review of the record reflects that the parties have not filed any objections to the Report and Recommendation and the time to file objections has expired. Therefore, the Court will not consider any objections or new evidence.

The Court has reviewed the record and concludes that Magistrate Judge Ambri's recommendations are not clearly erroneous. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

---

[1] The Report and Recommendation Order was returned as undeliverable as it appears Plaintiff is no longer at the Morey Unit, *see* Doc. 23, and he did not file a notice of a change of address. It is Petitioner's burden, however, to "keep[] the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988); *see also* LRCiv 83.3(d) (unrepresented incarcerated party must submit notice of change of address within seven days after change of address).

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). Section 2253(c)(2) provides that a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In the certificate, the court must indicate which specific issues satisfy this showing. 28 U.S.C. §2253(c)(3). A substantial showing is made when the resolution of an issue is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Upon review of the record considering the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the petition is not debatable among reasonable jurists and does not deserve further proceedings.

Accordingly, **IT IS ORDERED**:

(1) Magistrate Judge Ambri's Report and Recommendation (Doc. 22) is accepted and adopted.

(2) The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) is denied and this case is dismissed. The parties are directed to Magistrate Judge Ambri's Report and Recommendation for a more detailed explanation.

(3) A Certificate of Appealability is denied and shall not issue.

(4) The Clerk of the Court shall enter judgment and close the file in this case.

Dated this 24th day of April, 2025.

Honorable James A. Soto
United States District Judge